IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEEP ROCK MINERALS, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )   Case No. 24-CV-432-DES |
| SCARLET LAND SERVICES, LLC, | ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter comes before the Court on Defendant, Scarlet Land Services, LLC's (herein after "Defendant" or "SLS") Motion to Dismiss Plaintiff's Petition pursuant to Fed. R. Civ. P. 12(b)(1) and (6). (Docket No. 14). Plaintiff, Deep Rock Minerals, LLC (herein after "Plaintiff" or "DRM") filed its Response to the Motion to Dismiss (Docket No. 20), whereafter Defendant filed its Reply. (Docket No. 22). The matter is fully briefed and ripe for decision. For the reasons set forth below, Defendant's Motion to Dismiss is hereby DENIED.

I.     **Background**

Plaintiff filed this lawsuit against SLS in Oklahoma state court seeking to quiet title to approximately 90.00 net mineral acres in Sections 7 and 8, Township 7 South, Range 1 East, Love County, Oklahoma. (Docket No. 2-1). On November 4, 2024, SLS removed the case to this Court based on diversity jurisdiction. (Docket No. 2). Plaintiff's Petition alleges Judy Molette Greggs a/k/a Judy Molette Talley ("Mineral Owner") was approached by Defendant via letter presenting an offer to lease her minerals in exchange for money for one year. (Docket No. 2-1 at 3). Plaintiff alleges that in reality "Defendant was not seeking to "lease" minerals at a specified royalty percentage but was instead purporting to take a "temporary" assignment of the *entire* mineral interest." *Id.*   at 4. Plaintiff alleges the Mineral Owner later learned "the One Year Term

1

Assignment actually operated like a mineral deed, using obscured language that was inconsistent with other language in the instrument" which was not the intention of the Mineral Owner. *Id.* at 6. Plaintiff alleges "Defendant, through its agent and its deceptively prepared instrument, fraudulently induced Ms. Greggs into signing the One Year Term Assignment." *Id.* "Because [the Mineral Owner] was fraudulently induced into signing the One Year Term Assignment, she does not believe it is enforceable." *Id.* at 6-7. The Mineral Owner additionally sent a note to Defendant rescinding the One Year Term Assignment and returning the "underpayment made to her." *Id.* at 7.

Subsequently, the Mineral Owner executed a Two-Year Term Assignment with Plaintiff, covering the same lands that were allegedly fraudulently assigned to Defendant in the One Year Term Assignment. *Id.* at 9. Plaintiff alleges that "the Two-Year Term Assignment best represents [the Mineral Owner's ] intention of temporarily assigning her minerals but receiving them back at the end of a defined term, meaning the Two-Year Term Assignment is a valid instrument." *Id.* at 10. Therefore, on August 22, 2024, "Plaintiff demanded that Defendant execute, notarize, and return a Disclaimer of Interest, disclaiming any and all interest in and to the Minerals because the One Year Term Assignment was procured through fraud, making it invalid." *Id.* Defendant refused to execute the Disclaimer, leading to the present litigation. *Id.* Plaintiff alleges that by "refusing to execute the Disclaimer, Defendant has created a cloud on Plaintiff's temporary title in and to the Minerals, creating an actual controversy." *Id.* at 11. Plaintiff seeks an order declaring that Defendant's One Year Term Assignment is invalid because it was procured through fraud, making it unenforceable; and declaration that Plaintiff's Two-Year Term Assignment given in favor of Plaintiff by Ms. Greggs constitutes the only valid instrument assigning her Minerals, entitling Plaintiff to proceeds attributable from the Minerals during the term thereof, including

interest accruing thereon pursuant to the Oklahoma Judicial Declaratory Judgment Act, 12 O. S. § 1651 *et seq. Id.*

On November 25, 2024, Defendant filed its Motion to Dismiss the Petition under Fed. R. Civ. P. 12(b)(1) for Plaintiff's lack of standing and under 12 (b)(6) for failure to state a claim. (Docket No. 14).

II.     Analysis

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Courts would generally embrace a liberal construction of this pleading requirement and allow complaints containing only conclusory allegations to move forward unless factual impossibility was apparent from the face of the pleadings. *Robbins v. Oklahoma* 519 F.3d 1242, 1246 (10th Cir. 2008). However, the U.S. Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), announced a new standard that held to withstand a motion to dismiss, a complaint must contain enough allegations of fact to state a claim in which relief is plausible on its face. *Id.* at 570. This does not mean all facts must be presented at the time of the complaint, but merely that the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Id.* at 555 (quotation omitted). Therefore, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Robbins,* 519 F. 3d at 1247. Courts are to always construe the allegations of a Complaint in a light most favorable to the Plaintiff; however, "the court will not read causes of action into the complaint which are not alleged." *Arnold v. City of Tulsa, Oklahoma*, No. 09CV811, 2010 WL 3860647, at *3 (N.D. Okla. Sept. 30, 2010) (citing *Superior Kitchen Designs, Inc. v. Valspar Indus. (U.S.A.), Inc.*, 263 F.Supp.2d 140, 148 (D. Mass. 2003)).

It is not enough for the plaintiff to plead facts "merely consistent" with the defendant's liability – "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009). Instead, a plaintiff must state enough facts to nudge his claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "A complaint is 'plausible on its face' if its factual allegations allow the court to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Doe v. Sch. Dist. No. 1*, 970 F.3d 1300, 1309 (10th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678).

### A. Plaintiff has Standing

Under Fed. R. Civ. P. 12(b)(1) a party may assert a defense to a complaint for lack of subject matter jurisdiction. There are two types of Rule 12(b)(1) motions, (1) those which attack the complaint on its face, and (2) those which attack the existence of subject matter jurisdiction in fact, quite apart from any pleading. *See Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). When there is an attack of the complaint on its face, a district court's review is similar to a Rule 12(b)(6) motion in that "a district court must accept the allegations in the complaint as true." *Id*. at 1002. Here, Defendant makes a facial attack, arguing that Plaintiff does not have standing under Oklahoma law to sue for fraud committed against its grantor. (Docket No. 14 at 4). Defendant points to *Davis v. Robedeaux*, 222 P. 990, 990–991(Okla. 1924) in which the Oklahoma Supreme Court expressly held a second buyer who knew the land was already claimed and recorded by a first buyer has no standing to plead fraud on behalf of the seller, because the second buyer does not have an interest in the deed between the seller and the first buyer. *Id*. at 992. However, unlike the case in *Robedeaux*, nowhere in Plaintiff's Petition do they plead a claim of fraud. While fraud is alleged to be the reason the One Year Term Assignment is void, fraud is not the basis of the

lawsuit. Plaintiff's cause of action lies in an action under the Oklahoma Declaratory Judgment Act in which Plaintiff seeks quite title; therefore, Plaintiff has standing.

Defendant also argues that Plaintiff cannot establish standing under Article III of the U.S. Constitution. To establish Article III standing, "a plaintiff must show (1) [he] has suffered an 'injury in fact' . . . (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). Plaintiff argues a cloud on title constitutes an injury-in-fact to a property interest. *See Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 381 (2024) ("An injury in fact can be a physical injury, a monetary injury, an injury to one's property, or an injury to one's constitutional rights, to take just a few common examples."). Since Plaintiff's cause of action is to redress the cloud on the title, Plaintiff has shown injury-in-fact.

Furthermore, this cloud on the title is based on Defendant's refusal to release (or disclaim) its interest in the mineral lease even after the Mineral Owner rescinded the One Year Term Assignment based on fraud. Therefore, Plaintiff argues, "[t]hough no legal rights were created by the One Year Term Assignment because of the nature of Defendant's misrepresentation and the language in the instrument itself, Defendant has refused to release (or disclaim) the One Year Term Assignment, causing an injury-in-fact to Plaintiff's title that is directly traceable to Defendant." (Docket No. 20 at 14)(internal quotations omitted). The second prong of Article III standing is thus met. Finally, the third prong of standing is also met since Plaintiff has shown this matter can be redressed by a favorable decision. "Plaintiff seeks a judicial declaration that Defendant's One Year Term Assignment is void; that Defendant be judicially decreed to have no interest in the subject minerals and, by extension, be permanently enjoined from claiming any interest in the

5

subject mineral estate; and that Plaintiff's title acquired by way of the Two-Year Term Assignment be quieted in and to the subject minerals and against the Defendant." (Docket No. 20 at 20 citing Docket No. 2-1 at 10-11). Accordingly, Plaintiff has standing and Defendant's Motion to Dismiss Plaintiff's Petition for lack of standing claim is DENIED.

### B. Plaintiffs Have Stated a Cause of Action

Defendant further argues that Plaintiff's Petition fails to state a claim upon which relief can be granted because Plaintiff's Petition failed to plead fraud with particularity under Fed. R. Civ. P. 9(b). (Docket No. 14 at 7). To satisfy the particularity requirements, the complaining party must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Koch v. Koch Indus., Inc*., 203 F.3d 1202, 1236 (10th Cir. 2000). The purpose behind the rule is "to afford defendant fair notice of plaintiff's claims and the factual ground upon which they are based." *Id.* However, as indicated above, Plaintiff is not bringing this action under a claim of fraud; rather Plaintiff is suing Defendant for quiet title. (Docket No. 2-1 at 9-10 and Docket No. 20 at 17). Defendant argues that Rule 9(b) still applies whenever fraud is "alleged," not merely when fraud is the main cause of action. (Docket No. 22 at 5) *citing City of Raton v. Ark. River Power Auth*., 600 F. Supp. 2d 1130, 1141 (D.N.M. 2008) ("With respect to rule 9(b)'s scope, a court should require parties to plead a cause of action with particularity when that cause of action contains allegations grounded in fraud."). Even assuming, *arguendo,* that this is true, the Court finds that Plaintiff's Petition has adequately alleged fraud as required.

To determine whether the pleading requirement has been satisfied, a court "accepts 'as true all well-pleaded facts, as distinguished from conclusory allegations, and view[s] those facts in the light most favorable to the non-moving party.'" Farrow v. State Farm Fire & Cas. Co., CIV-21-

351-G, 2023 WL 2733400, at *5 (W.D. Okla. Mar. 31, 2023) (quoting *U.S. ex rel. Sikkenga v. Regence BlueCross BlueShield of Utah,* 472 F.3d 702, 726 (10th Cir. 2006) *abrogated on other grounds by Cochise Consultancy, Inc. v. U.S. ex rel. Hunt,* 587 U.S. 262 (2019)); *see also Grossman v. Novell, Inc.*, 120 F.3d 1112, 1118 & n. 5 (10th Cir.1997). The court divides the "well-pleaded facts" from the "conclusory allegations" to determine if the pleading requirement imposed by Rule 9(b) was met. *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) ("An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement.") (citation omitted). "'At a minimum, Rule 9(b) requires that a plaintiff set forth the who, what, when, where and how of the alleged fraud.'" *Key v. Exxon Mobil Corp.*, 508 F. Supp. 3d 1072, 1085 (E.D. Okla. 2020) (quoting *Regence BlueCross*, 472 F. 3d at 726-27). In the present case, Plaintiff does just that.

Plaintiff identifies the "Who" as Marcus Davis as the agent for Scarlet Land Services, LLC when he contacted the Mineral Owner regarding the One Year Term Assignment. (Docket No. 20 at 19). The "What" is the One Year Term Agreement itself which, Plaintiff alleges was "deceptively designed to look 'temporary' while acting 'permanent' in operation." *Id.* at 21. The "When" was between April 2024 and May 7, 2024, when the Mineral Owner received the One Year Term Agreement offer and had discussions with Defendant's agent regarding the Assignment. *Id.* at 22. The "Where" is Love County, Oklahoma which is located in the Eastern District of Oklahoma and is not disputed. *Id.* at 23. The "How" relates back to Plaintiff's allegation that "Defendant's One Year Term Assignment was deceptively designed to indefinitely vest immediately upon execution by [the Mineral Owner] because the 'term' – though purporting to only be for 'ONE' year – was tied to production from an already-producing oil and gas well (i.e.,

7

the Warren Well operated by Kaiser-Francis)." *Id.* Plaintiff alleges this was never disclosed to the Mineral Owner who believed the One Year Term Agreement was for a definitive amount of time.

In reviewing the allegations in the light most favorable to the Plaintiff, the Court finds that Plaintiff's Petition satisfies the particularity requirements under Fed. R. Civ. P. 9(b). Accordingly, Defendant's Motion to Dismiss is DENIED.

### III.  Conclusion

For the reasons set forth herein, Plaintiff has sufficiently established standing to bring this quiet title action, as the alleged cloud on title caused by Defendant's refusal to disclaim interest in the subject mineral rights constitutes a cognizable injury-in-fact under both Oklahoma law and Article III of the U.S. Constitution. Contrary to Defendant's assertions, Plaintiff does not assert a standalone fraud claim but instead references fraud solely as the basis for invalidating the One Year Term Assignment. The Court finds Plaintiff's allegations adequate to support its claim under the Oklahoma Declaratory Judgment Act, and that the Petition meets the pleading standards set forth in Federal Rules of Civil Procedure 8(a) and 9(b), including the requisite specificity regarding the alleged fraudulent inducement. Therefore, Defendant's Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) is DENIED.

IT IS SO ORDERED this 22nd day of September, 2025.

_____
D. Edward Snow
United States Magistrate Judge